IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00202-MR

| | |
|---|---|
| TREVIS J. BUTTON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FNU GOINS, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 9].

**I.    BACKGROUND**

The incarcerated Plaintiff, proceeding *pro se*, filed this civil rights action addressing incidents that allegedly occurred at the Alexander Correctional Institution. He names as Defendants in their individual and official capacities: FNU Goins ("Sergeant Goins"); FNU Robbins ("Sergeant Robbins"); FNU Carroll ("Officer Carroll"); and FNU Parker ("Unit Manager Parker"). The Plaintiff alleges that the Defendants violated his rights under the Eighth Amendment on August 10, 2020, when Sergeant Goins, Sergeant Robbins, and Officer Carroll entered his cell and assaulted him, causing injuries to his face and hands. [Doc. 1 at 3-4].

The Plaintiff seeks declaratory judgment, preliminary and permanent injunctive relief, compensatory and punitive damages, costs, a jury trial, and any other relief the Court deems just, proper, and equitable. [Id. at 8-9].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a). This failure renders the Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

### B. Excessive Force & Failure to Intervene

The Plaintiff alleges that Sergeant Goins and Sergeant Robbins used excessive force against him, and that Officer Carroll failed to intervene.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312,

3

319 (1986). To establish an Eighth Amendment claim for the use of excessive force, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

4

Case 5:20-cv-00202-MR   Document 13   Filed 07/27/21   Page 4 of 12

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the Plaintiff's Eighth Amendment claim against Sergeant Goins and Sergeant Robbins for the use of excessive force, and against Officer Carroll for failure to intervene survive initial review. Thus, these claims shall be allowed to proceed at this time.

**C. Failure to Protect**

The Plaintiff alleges that after the incident, Unit Manager Parker came to the Plaintiff's cell to take his written statement. [Doc. 1 at 5]. At that time, the Plaintiff alleges that he asked that Unit Manager Parker prohibit Sergeant Goins, Sergeant Robbins, and Officer Carroll from being around the Plaintiff because he feared for his safety. However, the Plaintiff alleges, Goins, Robbins, and Carroll subsequently came to the Plaintiff's cell on several occasions, taunting and threatening him. [Id. at 5-6].

The Eight Amendment requires that a prison official must take reasonable measures to guarantee an inmate's safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). To establish a claim for failure to protect, an inmate must show: (1) "serious

5

or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)); see generally Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (negligent failure to protect a prisoner from another inmate cannot support a § 1983 claim).

Here, the Plaintiff alleges only that he asked Unit Manager Parker to ensure that Goins, Robbins, and Carroll stay away from him, and that these Defendants subsequently threatened him. The Plaintiff fails to allege that Unit Manager Parker was deliberately indifferent to, or even knew about, these threats. Further, the Plaintiff does not allege that he suffered any serious or significant emotional or physical injury as a result of the foregoing. For these reasons, the Court concludes that the Plaintiff has failed to plausibly allege an Eight Amendment claim for failure to protect against Defendant Parker, and therefore, this claim is dismissed.

### D. Inadequate Investigation

The Plaintiff alleges that he asked Unit Manager Parker to take statements from the other inmates who witnessed the incident, but that Parker declined, stating that such statements were only taken for disciplinary investigations, not incident reports. [Doc. 1 at 5]. The Plaintiff appears to allege that Unit Manager Parker's investigation of the use of force incident was inadequate and violated due process. [Id.].

In order to establish a due process violation, "a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest, and that he has been 'deprived' of that protected interest by some form of 'state action.'" Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (citations omitted). If the plaintiff makes such showing, the court considers what process was required and whether any provided was adequate in the particular factual context. Id.

The Plaintiff's allegation that Unit Manager Parker inadequately investigated the use of force incident does not give right to a due process claim. "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Soc. Servs., 489

7

U.S. 189, 196 (1989); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Wise v. Wilson, 2017 WL 71656 (E.D. Va. Jan 6, 2017) (prisoner had no constitutional right to have a PREA complaint investigated). Because the Plaintiff had no right to an investigation of the use of force incident, he has failed to state a § 1983 claim against Unit Manager Parker. This claim is, therefore, dismissed.

### E. Official Capacity Claims

The Plaintiff also purports to sue the Defendants, who are state officials, in their official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against the Defendants in their official capacities do not survive initial review and will be dismissed.

### F. Preliminary Injunctive Relief

Finally, the Plaintiff seeks a preliminary injunction to require the assignment of Goins, Robbins, and Carroll to a different unit in order to

prevent "further assaults, harassment, and retaliatory actions in response to this Complaint." [Doc. 1 at 9].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20.

Here, the Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. The Court will, therefore, deny Plaintiff's request that Goins, Robbins, and Carroll be reassigned.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted under § 1983 against Unit Manager Parker. The Plaintiff's individual capacity claims for excessive force against Sergeant Goins and Sergeant Robbins, and for failure to intervene against Officer Carroll, have passed initial review; the claims against the Defendants in their official capacities are dismissed. The Court will exercise supplemental jurisdiction over the North Carolina assault and battery claims against Goins and Robbins. The request for preliminary injunctive relief that is incorporated in the Complaint is denied.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed against Sergeant Goins and Sergeant Robbins for excessive force and North Carolina assault and battery, and against Officer Carroll for failure to intervene.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Eighth Amendment claims against Sergeant Goins and Sergeant Robbins for excessive force and against Officer Carroll for failure to intervene, in their individual capacities, survive initial review in accordance with this Order, and the Court shall exercise supplemental jurisdiction over the Plaintiff's North Carolina claims of assault and battery against Goins and Robbins.

(2) The Plaintiff's claims against the Defendants in their official capacities are **DISMISSED**.

(3) The Plaintiff's claims against Unit Manager Parker in his individual capacity are **DISMISSED**.

(4) The Plaintiff's request for preliminary injunctive relief is **DENIED**.

(5) The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed against Defendants Goins, Robbins, and Carroll as provided in this Order.

(4) The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**.

Signed: July 27, 2021

Martin Reidinger
Chief United States District Judge