# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:20-cv-00202-MR

| | |
|---|---|
| **TREVIS J. BUTTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **DUSTIN GOINS, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Relief" [Doc. 25], "Request for Documents" [Doc. 27], Motion for Appointment of Counsel [Doc. 31], and "Request for Interrogatories and Request for Production of Documents and Request for Admissions from Defendants" [Doc. 32].

The incarcerated pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Complaint passed initial review on claims of excessive force against Defendants Goins and Robbins and for failure to

---

[1] The Petitioner was incarcerated at the Jackson County Detention Center between December 26, 2021 and February 14, 2022. He then returned to the North Carolina Department of Public Safety (NCDPS), where he is presently incarcerated at the Foothills Correctional Institution.

intervene against Defendant Carroll, and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims. [Doc. 13]. The Defendants filed an Answer on January 3, 2022. [Doc. 22]. On January 5, 2022, the Court entered a Pretrial Order setting the deadline to amend and join parties as February 23, 2022, the discovery cutoff date as May 4, 2022, and the deadline to file dispositive motions as June 3, 2022. [Doc. 23].

The present Motions present a number of requests for relief. The Defendants have filed Responses to the "Motion for Relief" [Doc. 25], "Request for Documents" [Doc. 27], and the time to reply has expired. All of the Motions have been liberally construed, and will be discussed in turn.

In the Motion for Relief that the Plaintiff filed on March 31, 2022,[2] it appears that the Plaintiff is attempting to assert new claims for nominal damages against the Jackson County Detention Center (JCDC) for an interruption in his mail and against "correctional staff" and the "warden" at Foothills CI for discarding his grievances. [Doc. 25 at 1-2].

The Plaintiff's attempt to amend the Complaint was filed more than a month beyond the amendment deadline established in the pretrial Order, and

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

the Plaintiff has failed to establish excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Further, the Plaintiff was previously informed that "[p]iecemeal amendment will not be permitted." [Doc. 13 at 10]. Moreover, the JCDC and Foothills CI incidents appear to be completely separate from the Alexander CI excessive force incident that passed initial review, and these claims would not be appropriately joined in this action even if the Plaintiff had properly raised them. See generally Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions of the Prison Litigation Reform Act.). Justice does not require the Court to grant the Plaintiff leave to amend under these circumstances. See generally Fed. R. Civ. P. 15(a)(2); In re Triangle Capital Corporation Securities Litigation, 988 F.3d 743, 750 (4th Cir. 2021) (noting that district courts are free to deny leave to amend if a proposed amendment would be futile, or would not withstand Rule 12(b)(6) scrutiny). Therefore, to the extent that the Plaintiff seeks to assert new claims, the Plaintiff's motion is denied.

Next, Petitioner appears to seek preliminary injunctive relief to prevent him from being transferred back to Alexander CI, which a "prison official" suggested may occur, with "malicious intent." [Doc. 25 at 2]. He also claims

3

that he was "denied legal materials and access to the law library" and asks that the Court order Foothills CI to provide him with "access to appropriate and adequate legal materials." [Id. at 1-2]. Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20.

The Plaintiff's claims are vague and conclusory, and he has not established any of the elements that would warrant preliminary injunctive relief. See, e.g., Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (en banc) ("[C]hanges in a prisoner's location, variations of daily routine,

changes in conditions of confinement (including administrative segregation) and the denial of privileges … are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and efficiently."). The Plaintiff's requests for preliminary injunctive relief are, therefore, denied without prejudice.

Next, the Plaintiff seeks a "reasonable extension of time to answer Defendants' 'Answers and Defenses.'" [Doc. 25 at 2]. A reply to an Answer is only allowed if such is ordered by the Court. See Fed. R. Civ. P. 7(a)(7). The Court did not order the Plaintiff to reply to the Defendants' Answer in this case, and therefore, his request for an extension of time to file such is denied as moot.

In his "Request for Documents," [Doc. 27], the Plaintiff seeks the disclosure of information that would allow him to identify witnesses, and to locate several known inmate witnesses. The Defendants have filed a Response stating that they intend to treat the Request for Documents as a discovery request to which they intend to respond, and that the Request should be denied insofar as it is an improper Motion to Compel.[3] [Doc. 28].

---

[3] The Defendants were granted an extension of time to respond to the discovery requests until May 12, 2022, and the deadlines to complete discovery and file dispositive motions were extended until July 5, 2022 and August 8, 2022, respectively. [See Apr. 15, 2022

5

The Plaintiff has also filed a "Request for Interrogatories and Request for Production of Documents and Request for Admission from Defendants" [Doc. 32], which is another discovery request.

The Plaintiff's discovery requests appear to be routine discovery requests that have been misdirected to the Court. Therefore, they will be stricken. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138 (4th Cir. 2009) (recognizing the federal courts' inherent power to strike); LCvR 26.2 ("The parties shall not file any … discovery requests or responses therto, … or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); see also [Doc. 3 ¶ 7: Order of Instructions (citing LCvR 26.2)]. The Plaintiff may, however, file appropriate motions with the Court relating to discovery, should it become necessary to do so.

Finally, the Plaintiff seeks the appointment of North Carolina Prisoner Legal Services (NCPLS) to assist him with discovery and at trial. [Doc. 31]. For grounds, he explains that he is unable to afford counsel; that his imprisonment has greatly hindered his ability to litigate this action; the case involves complex issues that require significant research and investigation;

---

text-only Order].

that he has no access to a law library and has missed several deadlines in this matter due to his ignorance of the law; a trial will likely involve conflicting testimony and cross-examination that would be better handled by counsel; that he has sought representation from numerous organizations; that he needs assistance with discovery; and that the interests of justice and of the public would be better served by the appointment of counsel.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel. Moreover, the Plaintiff was previously granted the opportunity to request NCPLS's appointment to assist him with discovery, which he failed to do. The Court mailed the Plaintiff a Notice informing him that NCPLS may be available to assist him with discovery on September 7, 2021. [Doc. 18]. The Plaintiff was provided a response form, and was instructed to sign, date, and return it within 21 days, i.e., by September 28, 2021. [Id. at 2]. He was cautioned that his "failure to return this form by that deadline may be construed as a

rejection of NCPLS's assistance, and the Court may not order NCPLS to conduct discovery on [his] behalf." [Id.]. The Plaintiff failed to timely return the form and instead filed the instant Motion seeking NCPLS's appointment on April 11, 2022, more than six months late and less than three months before the extended discovery deadline closes. The Court declines to appoint NCPLS to assist him with discovery at this late juncture. Accordingly, the Plaintiff's Motion seeking the appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion for Relief" [Doc. 25] is **DENIED** for the reasons stated in this Order.

2. The Plaintiff's "Request for Documents" [Doc. 27] and "Request for Interrogatories and Request for Production of Documents and Request for Admissions from Defendants" [Doc. 32] are construed as a routine discovery requests that have been misdirected to the Court and are **STRICKEN**.

3. The Plaintiff's Motion for Appointment of Counsel [Doc. 31] is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 5, 2022

Martin Reidinger
Chief United States District Judge