IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00202-MR

| | | |
|---|---|---|
| **TREVIS J. BUTTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DUSTIN GOINS, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Discovery [Doc. 38].

The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Complaint passed initial review on claims relating to an excessive force incident that allegedly occurred on August 10, 2020. [Docs. 1, 13]. The discovery cutoff date was July 5, 2022, and the deadline to file dispositive motions is October 7, 2022. [See April 15, 2022 text-only Order; Aug. 8, 2022 text-only Order].

The Plaintiff filed the instant Motion to Compel on June 27, 2022, shortly before the discovery cutoff date, arguing that the Defendants had failed to comply with his discovery requests for policies and procedures

regarding cell searches and cell extractions, and security video footage from October 2020. [Doc. 38]. The Plaintiff wrote defense counsel a letter on June 6, 2022, "in an attempt to clarify the purpose of the request and peacefully resolve the matter without the Court's intervention," to which he received no response. [Id. at 1-3].

The Defendants filed a Response arguing that policy and procedure for cell searches and cell extractions contain highly sensitive security information that should not be made available to inmates; that the standard operating procedures (SOP) in this regard are irrelevant because the issue is whether the Defendants violated the Constitution, not the operating procedures; that the request is overly burdensome insofar as the Plaintiff is seeking DPS policy manuals that are publicly available; that video recording of the incident at issue were preserved and produced; that video footage for other dates is irrelevant; and that the request for such video is overly burdensome as not all video footage from every camera can be expected to be maintained indefinitely. [Doc. 41].

The Plaintiff filed a Reply [Doc. 42] arguing that he is not seeking techniques for dealing with combative inmates or for searching cells to locate contraband, but seeks to establish that, "after he was willfully and compliantly put in handcuffs, officers were supposed to have him exit the cell before

entering"; that at trial, he is "likely to show that, had S.O.P. been followed, Defendants subsequently wouldn't have been able to commit the assaults and constitutional violations alleged in this action"; that the video footage would show that the Defendants threatened, taunted, harassed and retaliated against him; and that "his expressed concerns for safety went ignored and over time, got worse." [Doc. 42 at 2-3].

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Here, the Defendants have satisfied their burden of persuasion that the discovery requests are irrelevant, overly burdensome, and would implicate legitimate prison security concerns. The issue in this matter is whether the Defendants violated Plaintiff's constitutional rights. As such, the policies and whether there were policy violations is not relevant. Accordingly, the Plaintiff's Motion to Compel is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel [Doc. 38] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge

4

Case 5:20-cv-00202-MR   Document 43   Filed 09/28/22   Page 4 of 4