IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00202-MR

| | | |
|---|---|---|
| **TREVIS J. BUTTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DUSTIN GOINS, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Objection and Motion to Reconsider" [Doc. 46] and on Defendants' Motion to Extend Dispositive Motion Deadline [Doc. 47].

The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Complaint passed initial review on claims relating to an excessive force incident that allegedly occurred on August 10, 2020. [Docs. 1, 13]. On January 5, 2022, the Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as May 4, 2022, and the deadline to file dispositive motions as June 3, 2022. [Doc. 23]. The Defendants filed a motion seeking an extension of the case management deadlines to accommodate the Plaintiff's

late discovery requests and the issuance of a protective order. That motion was granted until July 5, 2022 to complete discovery, and until August 8, 2022 to file dispositive motions. [Doc. 29; April 15, 2022 Text-Only Order]. The parties then engaged in further discovery and the Plaintiff filed a Motion to Compel, which was denied. [See Docs. 38, 43]. The Defendants subsequently sought three extensions of the deadline to file dispositive motions, which were granted until January 20, 2023. [See Aug. 8, 2022, Oct. 6, 2022; Dec. 6, 2022 Text-Only Orders].

The Plaintiff now seeks reconsideration of the December 6, 2022 Order extending the time to file dispositive motions. [Doc. 46]. He argues that the Defendants have "willfully and unnecessarily delayed proceedings; waited until the last minute to file motions; and held the Court's time and Plaintiff's time responsible for Defendant's counsel's inability to maintain his caseload effectively." [Id. at 1-2]. He asks the Court to reconsider the Order extending the time to file dispositive motions, to consider the deadline to file dispositive motions to have expired, and impose appropriate sanctions on the defense. [Id. at 3]. Meanwhile, the Defendants filed a Motion on January 20, 2023 seeking another extension of the deadline to file dispositive motions. [Doc. 47]. Defendants' counsel explains that his caseload has been extraordinarily high for the past year due to the attrition of three attorneys in late 2021; that

2

he contracted COVID-19 in late December 2022; that he has a large number of upcoming deadlines in several active cases; and that his workload is expected to decrease in the coming months due to restructuring of the North Carolina Department of Public Safety and the Department of Adult Corrections, which will result in greater staffing resources.

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see also Fed. R. Civ. P. 54(b). The Court declines to reconsider its December 6, 2022 Order granting Defendants' Motion to extend the deadline to file dispositive motions. The Plaintiff expresses his desire to move the case forward, but he has failed to identify any prejudice or any other reason warranting reconsideration.

By contrast, the Defendants have demonstrated good cause for another extension of the deadline to file dispositive motions. See Fed. R. Civ. P. 6(b)(1)(A). While the Motion will be granted, the Court does not anticipate entertaining any further extensions of time, absent a showing of extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se "Objection and Motion to Reconsider" [Doc. 46] is **DENIED.**

2. Defendants' Motion to Extend Dispositive Motion Deadline [Doc. 47] is **GRANTED**, and the parties shall have until February 21, 2023 to file dispositive motions.

3. No further extensions of time will be granted absent a showing of extraordinary circumstances.

**IT IS SO ORDERED**.

Signed: January 25, 2023

Martin Reidinger
Chief United States District Judge