# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:20-cv-00202-MR

| | |
|---|---|
| TREVIS J. BUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DUSTIN GOINS, et al., | )    **ORDER** |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Disregard Defendant's Motion for Summary Judgment" [Doc. 56].

The pro se incarcerated Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and North Carolina law. The Complaint passed initial review against three Defendants on Eighth Amendment claims, and the Court exercised supplemental jurisdiction over North Carolina assault and battery claims. [See Docs. 1, 13]. On January 5, 2022, the Court entered a Pretrial Order and Case Management Plan, making dispositive motions due on June 3, 2022. [Doc. 23]. The Court granted several extensions of the prefiling deadlines. [See, e.g., Dec. 7, 2022 Text-Only Order]. Dispositive Motions were due on February 21, 2023. [Doc. 48]. On February 21, 2023, the Defendants filed a Motion for Summary Judgment [Doc. 49]. The Plaintiff's

response is due on March 30, 2023. [Doc. 55 (<u>Roseboro</u> Order)]. On February 21, 2023, the Defendants also filed a Motion for Sanctions and Spoliation [Doc. 51], in which they seek sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure.

On February 27, 2023, the Plaintiff filed the instant "Motion to Disregard Defendants' Motion for Summary Judgment" [Doc. 56], which is construed as a Motion to Strike and for an Extension of Time. Plaintiff asks the Court to deny the Defendants' Motion for Summary Judgment because it was not timely filed. He also requests an extension of time, until April 27, 2023, to respond to the Motion for Summary Judgment. [<u>Id.</u>]. He explains that the records in support of the Motion for Summary Judgment are voluminous and that he will be better able to litigate the case after his release from incarceration, which is projected to occur on March 27, 2023.[1]

The Plaintiff's Motion to Strike the is denied because the Defendants' Motion for Summary Judgment was timely filed on February 21, 2023. However, the Plaintiff's Motion for an Extension of Time to respond to the Defendants' Motion for Summary Judgment will be granted until April 27, 2023. The Plaintiff shall also have until April 27, 2023 to file a response to

---

[1] <u>See</u> https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1214365&searchOffenderId=1214365&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Mar. 10, 2023); Fed. R. Evid. 201.

2

the Defendants' Motion for Sanctions and Spoliation, explaining why sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure should not be imposed. The Plaintiff's failure to file timely and persuasive responses to the Motion to Dismiss and the Motion for Sanctions and Spoliation will likely result in the Court granting the relief that the Defendants seek.[2] No further extensions of time will be granted except on a showing of extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion to Disregard Defendants' Motion for Summary Judgment" [Doc. 56], is construed as a Motion to Strike and for an Extension of Time and is **GRANTED IN PART AND DENIED IN PART**. The Motion to Strike the Defendants' Motion for Summary Judgment is denied, and the Motion for an Extension of Time is granted. The Plaintiff's Response to the Defendants' Motion for Summary Judgment is due by April 27, 2023.

2. **IT IS FURTHER ORDERED** that no further extensions will be granted except on a showing of extraordinary circumstances.

---

[2] The Plaintiff is cautioned that, if the Court finds that the Plaintiff has engaged sufficiently egregious litigation practices, it may choose to impose additional sanctions including a pre-filing review system. See generally Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012).

**IT IS SO ORDERED**.

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge