IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00202-MR

| | |
|---|---|
| TREVIS J. BUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DUSTIN GOINS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Instruction" [Doc. 63].

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Alexander Correctional Institution.[1] [Docs. 1, 14]. On February 21, 2023, the Defendants filed a Motion for Summary Judgment [Doc. 49], as well as a Motion for Sanctions and for Spoliation [Doc. 51], arguing that all of the Plaintiff's claims should be dismissed. On February 28, 2023, the Court advised the Plaintiff of the requirements for responding to the summary judgment motion, and gave him 30 days to do so. [Doc. 55].

---

[1] The Plaintiff was incarcerated at the Alexander CI when he filed this action [Doc. 1], and he was subsequently released [Doc. 14]. He was reincarcerated at a different correctional institution on February 14, 2022 [Doc. 24], and he was released on March 27, 2023 [Doc. 60]. He was incarcerated again on August 14, 2023. [Doc. 64].

The Court also advised the Plaintiff that the failure to file a timely and persuasive response to the Motion for Sanctions may lead to the Court granting the relief the Defendants seek [Doc. 59]. The Court granted the Plaintiff an extension of time until April 27, 2023 to respond to the Motion for Sanctions and the Motion for Summary Judgment, and cautioned the Plaintiff that no further extensions would be granted except on a showing of extraordinary circumstances. [Doc. 59 at 3]. The Plaintiff sought a final extension of time to respond to the Motion for Summary Judgment because he had been overly burdened by his responsibilities since having been released from prison again on March 27, 2023. [Doc. 61 at 2]. The Court accordingly extended the Plaintiff's time to file his response to the Motion for Summary Judgment until May 18, 2023. [May 1, 2023 Text-Only Order].

On September 6, 2023, the Court entered an Order granting the Defendants' Motion for Summary Judgment and denying the Defendants' Motion for Sanctions as moot.[2] [Doc. 65].

---

[2] The Court alternatively found that the Plaintiff's deliberate spoliation of evidence and witness tampering would warrant dismissal of the action even if summary judgment were not appropriate. [Doc. 65 at 17].

2

Case 5:20-cv-00202-MR   Document 67   Filed 09/07/23   Page 2 of 5

On August 26, 2023,[3] the Plaintiff filed a Notice of Change of Address informing the Court that he had been reincarcerated on August 14, 2023.[4] [Doc. 64]. On August 26, he also filed the pending "Motion for Instruction" in which he claims to have mailed to the Court a Response to the Defendants' "Motion to Dismiss" but received no response from the Defendants or the Court. [Doc. 63]. He claims that he does not have his paperwork for this case because of his reincarceration. The Plaintiff requests the case's status and instruction from the Court on how to proceed. [Id.].

Notably, in his Motion, the Plaintiff asserts only that he filed a response to the Defendants' "Motion to Dismiss," which the Court presumes is a reference to the Defendants' Motion for Summary Judgment. The Court, however, has no record of receiving such response. Further, the Plaintiff does not contend that he responded to the Motion for Sanctions, and no such response was ever received. Accordingly, the instant "Motion for Instruction"

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case). The Motion for Instruction and Notice of Change of Address were docketed on August 30, 2023.

[4] In the Motion for Instructions, the Plaintiff seems to assert that he was reincarcerated on August 2, 2023. [Doc. 63 at 1]. However, according to the Plaintiff's Notice of Change of Address and the NCDAC's website, his reincarceration occurred on August 14. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1214365&searchLastName=button&searchFirstName=trevis&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 6, 2023); Fed. R. Ev. 201.

3

is construed as seeking an extension of time to respond to the Defendants' Motion for Sanctions.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice ... the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc.</u>, 507 U.S. 380, 395 (1993). None of these factors, however, is dispositive, and "while inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>In re MI Windows and Doors, Inc. Prod. Liab. Litig.</u>, 860 F.3d 218, 226 (4th Cir. 2017) (quoting <u>Pioneer Investment</u>, 507 U.S. at 392) (internal quotation marks omitted).

The Court has considered the relevant factors and concludes that the Plaintiff has failed to demonstrate good cause or excusable neglect. The Plaintiff filed his Motion 100 days after his response to the Motion for

Sanctions was due. He does not explain why he failed to follow up with the case's status for more than three months after his response deadline expired. Any litigation difficulties that the Plaintiff is allegedly experiencing as a result of his present incarceration does not suffice, as the response deadline expired nearly three months before he was reincarcerated. The length of the Plaintiff's delay is substantial, and it would impact the Court's timely resolution of these proceedings. Moreover, any response by the Plaintiff would be futile insofar as the Defendants' Motion for Sanctions was denied. [See Doc. 65]. Accordingly, the Plaintiff's present Motion to extend the time to respond is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Instruction" [Doc. 63] is **DENIED** as stated in this Order.

**IT IS SO ORDERED**.

Signed: September 7, 2023

Martin Reidinger
Chief United States District Judge